[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 31, 2012
JOHN LEY
CLERK

No. 11-12420
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cr-00100-BAE-GRS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ORLANDO GARCIA-DURAN,

Defendant-Appellant.

_____

No. 11-12781
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cr-00100-BAE-GRS-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGEL GOMEZ,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Georgia
_____

(January 31, 2012)

Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Jose Garcia-Duran and Angel Gomez appeal their convictions for importing controlled substances, 21 U.S.C. §§ 960, 952, 851, possessing controlled substances with intent to distribute, id. §§ 851, 841(a)(1), and smuggling goods into the United States, 18 U.S.C. § 545. Garcia-Duran and Gomez argue that the district court abused its discretion by refusing to give their requested jury instruction about duress. Gomez also argues about a conflict between the oral and written judgments. We affirm.

The district court did not abuse its discretion by refusing to give a jury instruction about duress. To support a defense of duress, Garcia-Duran and Gomez had to prove that they committed their crimes under immediate threat of death or serious bodily injury, they had a well-founded fear that the threat would

2

be carried out, and they lacked a reasonable opportunity to escape or inform the police about the threat. United States v. Jones, 32 F.3d 1512, 1515 (11th Cir. 1994). Even if we accept as true their testimony that Wood forced them at gunpoint to serve as drug mules after they boarded a ship in Panama, Garcia-Duran and Gomez failed to prove that they could not have availed themselves of reasonable opportunities to alert law enforcement or escape from Wood. As they disembarked the ship in the United States, Garcia-Duran and Gomez could have, but failed, to reveal the drugs concealed at their waistbands to either longshoremen or customs officers. Garcia-Duran, Gomez, and Wood left the dock in a taxi, but when Wood fled the moving taxi, Garcia-Duran and Gomez fled too. Neither Garcia-Duran, who is fluent in English, nor Gomez sought assistance from the taxi driver. See United States v. Sixty Acres in Etowah Cnty., 930 F.2d 857, 861 (11th Cir. 1991). Garcia-Duran also testified that he brought his cellular telephone on the trip, but he failed to explain why he could not use it to seek help. See United States v. Presley, 487 F.3d 1346, 1350 (11th Cir. 2007). When arrested, Garcia-Duran and Gomez did not assert that they had acted under duress.

Gomez argues that there is a discrepancy in the oral and written judgments regarding the payment of his fine, but we disagree. During the sentencing hearing, the district court ordered that Gomez pay a $10,000 fine "at the rate of $25 per

3

quarter while he is in prison and, if he . . . work[ed] in prison industries, 50[percent] of any of his income [would] be withheld by the Bureau of Prisons" with "[a]ny balance . . . paid at the rate of . . . $200 a month until it is paid in full." The written judgment states that Gomez is required, "[w]hile in the custody of the Bureau of Prisons, . . . [to] make payments of either quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR" and, "[u]pon release . . . [to] make minimum monthly payments of $200 until paid in full." The addition of the term "minimum" in the written judgment did not alter the terms of Gomez's payment schedule.

We **AFFIRM** Garcia-Duran's and Gomez's convictions.

4